[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT
The plaintiff brought this action seeking damages as the result of a slip and fall incident that allegedly occurred on November 22, 1997 in the parking lot of a Dunkin Donuts in Branford. On May 8, 2000, following a series of negotiations, the plaintiffs attorney, David H. Johnson, CT Page 10743 accepted, on his client's behalf, an offer by the defendant's prior counsel, Stuart Ketaineck, to settle the case for $30,000 on May 8, 2000. The defendant has tendered a check a check in that amount, but the plaintiff has neither negotiated the check nor forwarded a release and withdrawal. Plaintiff's counsel subsequently telephoned Ketaineck and left a voice mail to the effect that his client had "changed her mind" about the settlement. The defendant thereupon moved to enforce the agreement as a judgment in accordance with Audubon Parking AssociatesLimited Partnership v. Barclay and Stubbs, 225 Conn. 804 (1993).
At a hearing on the instant motion, the court heard testimony from the plaintiffs husband, Vincent Rosarbo, and from the plaintiff herself. Based on this testimony and Ketaineck's affidavit and testimony, the court concludes that the plaintiff and her husband were not thrilled by the offer of $30,000, which they discussed with Johnson at a meeting in April of 2000. They told him that they would think about during the course of their planned vacation in Florida. Upon their return, they instructed Johnson to try to get more money if he could, but that if he could not, they would accept the offer. Acting on these instructions, Johnson accepted Ketaineck's offer on May 8, 2000.
The plaintiff complains that Johnson never told her that if he orally accepted the offer on her behalf, she would be bound by it. She claims to have believed that, in any event, she had three days to rescind her acceptance of the offer, although she acknowledges that she did not receive this bit of misinformation from Johnson. Whatever the source of her privately held belief about the validity of oral settlement agreements, the court finds that the parties did indeed enter into an unambiguous agreement to settle the underlying case for the sum of $30,000 and that the defendant has the right to have the court enforce that agreement summarily as a judgment. For the above reasons, the defendant's motion to enforce the settlement agreement is granted, and judgment will enter in favor of the plaintiff and against the defendant in the amount of $30,000, without costs.
 _________________ E. SILBERT, JUDGE